IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHERI VARNEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 23-CV-4004-SRB |

**ORDER**

Before the Court is Defendant American Family Mutual Insurance Company's ("Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. #39.) For the reasons discussed below, the motion is DENIED.

I. **BACKGROUND**

The following facts are taken from Plaintiff Sheri Varney's ("Plaintiff") Second Amended Complaint. Only those allegations necessary to resolve the pending motion are discussed below, and those facts are simplified to the extent possible. Additional facts relevant to the parties' arguments are discussed in Section III.

Plaintiff contracted with Defendant for a homeowner's insurance policy (the "Policy") that covered certain losses to Plaintiff's home ("the Property"). In relevant part, the Policy provides that Defendant "will pay" the "actual cash value" ("ACV") for a covered structural loss. (Doc. #35-3, p. 12.) The Policy defines ACV as "the amount it costs to repair or replace property with property of like kind and quality less depreciation for physical deterioration and obsolescence." (Doc. #35-3, p. 26.)

In 2012, the Property suffered structural damage that was allegedly covered by the Policy. Plaintiff timely submitted a claim for payment to Defendant. Defendant determined the loss was covered by the Policy and made a payment to Plaintiff. Plaintiff alleges that Defendant improperly calculated the value of her claim. Specifically, Plaintiff alleges that Defendant "withh[eld] future labor costs as depreciation [which] resulted in Plaintiff receiving payment for her loss in an amount less than she was entitled to receive under the Policy." (Doc. #35, ¶ 29.)

On April 27, 2022, Plaintiff filed this lawsuit against Defendant. The Second Amended Complaint asserts the following causes of action: Count I—Breach of Contract; Count II—Reformation of Missouri Policies; and Count III—Declaratory Judgment and Relief. Plaintiff seeks damages and additional relief on behalf of herself and for a class of others similarly situated. Defendant now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff opposes the motion, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[W]hen it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (citation and internal quotations omitted). When considering a motion to dismiss, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable." *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (citations and quotation marks omitted).

## III. DISCUSSION

The pending motion turns on the interpretation and application of Missouri's statutes of limitations.[1] "Missouri has two statutes of limitation relating generally to contract actions: sections 516.110(1) and 516.120[(1)]." *Hughes Dev. Co. v. Omega Realty Co.*, 951 S.W.2d 615, 616 (Mo. banc 1997). Under Missouri Revised Statute § 516.120(1), "[a]ll actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110 . . . and except where a different time is herein limited" must be filed within five years. Mo. Rev. Stat. § 516.120(1). Section 516.110 states that "[a]n action upon any writing, whether sealed or unsealed, for the payment of money" must be filed within ten years. Mo. Rev. Stat. § 516.110.

The five and ten-year limitation periods begin to run when a claim accrues. A claim does not "accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment[.]" Mo. Rev. Stat. § 516.100. As relevant here, a "claim for breach of contract d[oes] not accrue until [the insurance company] allegedly failed or refused to adequately compensate [the insured] . . . as required under the . . . insurance policy." *Spalding v. Stewart Title Guar. Co.*, 463 S.W.3d 770, 776 (Mo. banc 2015).

Defendant contends that Plaintiff's breach of contract claim is governed by § 516.120(1)'s five-year limitations period. Defendant cites case law in support, including *Rolwing v. Nestle Holdings, Inc.*, 437 S.W.3d 180 (Mo. banc 2014). In *Rolwing*, the Missouri Supreme Court stated that "[t]he plain language of section 516.120(1) . . . applies generally to all breach of contract actions, including written contracts containing a promise for the payment

---

[1] The parties agree, and the Court finds, that the statute of limitations issue is governed by Missouri law.

3

of money or property." *Id.* at 182. Defendant argues the general five-year limitations period applies here, that Plaintiff's claim accrued "no later than July 2012," and that Plaintiff did not file suit until 2022. (Doc. #40, p. 5.) As such, Defendant argues that Plaintiff's claim is time-barred.

Defendant also presents several arguments against application of the ten-year limitations period. In order to apply the ten-year limitations period under § 516.110(1), the underlying contract must contain "an acknowledgement of an indebtedness, an admission of a debt due and unpaid." *DiGregorio Food Prods., Inc. v. Racanelli*, 609 S.W.3d 478, 481 (Mo. banc 2020). Defendant argues the ten-year limitations period does not apply because "[t]he contract at issue here—the Policy—contains neither an acknowledgment of a debt nor an admission that a debt is due and unpaid." (Doc. #40, p. 6.)

Upon review, the Court rejects Defendant's arguments. Courts have repeatedly held that Missouri's ten-year statute of limitations for contracts applies to a suit on an insurance policy. *See Messner v. Am. Union Ins. Co.*, 119 S.W.3d 642, 646 (Mo. App. 2003) ("Since Plaintiff brought this suit on the insurance contract in less than ten years after the accident, the suit was not time-barred by the applicable statute (§ 516.110).") Applying Missouri law, the Eighth Circuit Court of Appeals explained that:

> an insurance policy typically contains a written promise to pay money upon the occurrence of a specified future condition, such as death. The Missouri courts have consistently applied the ten-year statute of limitations to suits upon insurance policies. . . . [I]t is clear in recent years the Missouri courts have continued to apply the ten-year statute to written promises to pay money on the condition that future events occur. [I]f the plaintiff's contract claim is based upon a written promise to pay money, then the ten-year statute of limitations applies although plaintiff may, to make out his case, be required to go beyond the terms of the writing to show performance on the part of the plaintiff and a breach on the part of the defendant[.]

4

Case 2:23-cv-04004-SRB    Document 53    Filed 06/15/23    Page 4 of 6

*Johnson v. State Mut. Life Assur. Co. of Am.*, 942 F.2d 1260, 1263-65 (8th Cir. 1991).[2]

Applying this legal framework, the Court finds Plaintiff has adequately alleged that the Policy contains a written promise to pay money. As explained by Plaintiff, the Second Amended Complaint alleges she:

> 'was underpaid on her ACV claim.' More specifically, Defendant 'improperly [withheld] the cost of future labor as depreciation.' Defendant's 'withholding of future labor depreciation costs as depreciation associated with the repair or replacement of Plaintiff's property resulted in Plaintiff receiving payment for her loss in an amount less than she was entitled to receive under the policy.' Defendant's 'failure to pay Plaintiff the full cost of the future labor left Plaintiff underpaid' for her loss. Ultimately, Defendant 'paid' Plaintiff less than she was entitled to receive under the terms of the policy.' As such, Plaintiff was injured because she 'received [a] lower claim payment than permitted under the policy.' Plaintiff alleges Defendant 'breached its contractual duties to pay Plaintiff the ACV of her claim by unlawfully withholding labor costs.' Plaintiff seeks, inter alia, 'compensatory damages for all sums withheld as labor costs under the policy.'

(Doc. #47, p. 7) (citations, alterations, and ellipses to the Second Amended Complaint omitted). These allegations adequately allege an acknowledgement of a debt and an admission the debt is due and unpaid. *DiGregorio*, 609 S.W.3d at 481. Consequently, the ten-year limitation period applies to this case.

Defendant has not presented persuasive arguments in support of the five-year limitations period. In part, Defendant argues the Policy is governed by the five-year limitations because it contains a conditional promise to pay which is not "the same as an acknowledgement of debt." (Doc. #40, p. 6.) However, the ten-year period applies to a conditional promise. *See Johnson*, 942 F.2d at 1265 ("Missouri courts have continued to apply the ten-year statute to written promises to pay money on the condition that future events occur.") Indeed, "[i]nsurance claims always involve a conditional promise to pay," yet Missouri courts have applied the ten-year

---

[2] The Court rejects Defendant's arguments that these cases "are distinguishable" and are not consistent with "modern Missouri jurisprudence." (Doc. #52, p. 6.)

period to such claims. *See Messner*, 119 S.W.2d at 721; (Doc. #47, p. 12.) For these reasons, and the additional reasons stated by Plaintiff, the Court finds that Plaintiff's breach of contract claim is governed by the ten-year limitation period under § 516.110(1).

Because the ten-year limitations period is applicable, the Court must next determine when Plaintiff's claim accrued. This is an easy determination. Defendant acknowledges that Plaintiff's "claims accrued either when [Defendant] provided its written estimate dated May 3, 2012, or at the latest when it made the allegedly deficient payment, which it was required to make within 60 days. Thus, [Plaintiff's] claims accrued no later than July 2012. (Doc. #40, p. 5) (internal citation omitted).

In sum, the ten-year limitations period is applicable. At the earliest, Plaintiff's claims accrued on May 3, 2012, and she filed this lawsuit on April 27, 2022. Consequently, Plaintiff timely this lawsuit within ten years.[3]

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Amended Petition (Doc. #39) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: June 15, 2023

---

[3] Based on this ruling, the Court need not consider the parties' arguments regarding equitable tolling, reformation, and waiver arguments.